USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 0 8 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

JIAXING HONGYU KNITTING CO., LTD.,
                 Plaintiff,

        -v-

ALLISON MORGAN LLC, ET AL,
                Defendants.

-------------------------------------------------------------------

11 Civ. 09342 (AJN)

OPINION

ALISON J. NATHAN, District Judge:

Plaintiff Jiaxing Hongyu Knitting Co. ("Jiaxing") has filed this action alleging claims for breach of contract, trade contract price under UCC § 2-709(1)(a), account stated, and fraud. Defendant Linda Lucia ("Lucia") moves for summary judgment on all claims, arguing that Lucia was not involved in the transactions at issue and cannot be held liable. Defendants Jack Eig ("Eig") and Allison Morgan LLC ("Allison Morgan") move for judgment on the pleadings as to Jiaxing's claim for fraud and as to the claims against Eig, arguing that Eig cannot be held personally liable. Lucia, Eig, and Allison Morgan also move for sanctions, arguing that Jiaxing has knowingly pursued frivolous claims against them and failed to conduct a reasonable pre-filing investigation.

## I.      BACKGROUND

According to Jiaxing's Complaint, Jiaxing is a garment and women's clothing manufacturer. (Compl. ¶ 1). In early 2010, according to Jiaxing, "Eig, as a merchant and in the name of his company, corporate Defendant Allison Morgan, and Linda Lucia, jointly placed Purchase Orders" for certain garments. (Compl. ¶ 8). Upon receiving these purchase orders, Jiaxing manufactured the goods in question and delivered them to Defendants. (Compl. ¶¶ 9-10). Jiaxing alleges that Defendants accepted the goods based

on their failure to timely reject them and, in fact, resold the goods to third parties for a profit.  (Compl.¶11-12).  However, Jiaxing alleges, even though the goods were of adequate quality and accepted, Defendants have not paid the full balance owed. (Compl.¶13, 22)

## II.  ANALYSIS

### A.  <u>Judgment on the Pleadings</u>

The Court begins with Eig and Allison Morgan's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  A court deciding a Rule 12(c) motion must "employ the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation and alteration omitted).  Thus, the deciding court must "accept all factual allegations in the complaint as true and draw all reasonable inferences" in the plaintiff's favor.  *Id.*  A complaint must do more, however, than offer "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Jiaxing has submitted certain materials extraneous to the Complaint in response to the pending motions against it, including the motion for judgment on the pleadings.  (*See* Jiaxing Opp. to Eig and Allison Morgan Mtn. at 4-5 (referring to the "supplemental affidavit" and "evidential exhibits" attached to the opposition)).  These materials include

purchase orders for the garments at issue, e-mails, and the affidavit of Jane Hsu.  (Dkt. Nos. 40, 48).  On a motion for judgment on the pleadings, the Court considers the complaint, the answer, any written documents attached to them, and any matter on which the Court can take judicial notice for the factual background of the case.  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).  The complaint is also deemed to include any materials incorporated in it by reference and documents that are 'integral' to the Complaint.  *Id.*  However, consideration of other materials is precluded unless the Court, in its discretion, converts the motion to one for summary judgment and affords all parties an opportunity to present supporting material.  *See, e.g.*, *Winokur v. Office of Court Admin.*, 190 F. Supp. 2d 444, 452 (E.D.N.Y. 2002); *see also Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) ('In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint.')

The purchase orders are documents that are integral to the Complaint, as they are key documents on which the alleged contract is based.  (*See, e.g.*, Compl. ¶¶ 8-9).  The Court will therefore consider the purchase orders, in addition to the invoices that were actually attached to the Complaint, in addressing this motion.  However, the other proffered evidence, such as the Hsu Affidavit, is extraneous material that is not appropriately considered in disposing of Eig and Allison Morgan's motion for judgment on the pleadings.  Moreover, the Court finds it would not be appropriate to convert this motion to one for summary judgment.  Jiaxing had a more than ample opportunity to amend its Complaint in response to this motion, as the Court's individual rules specifically

provide for opportunity to do so after a motion to dismiss is filed[1] and Jiaxing has also long been on notice of the Defendants' reasons for viewing the Complaint as deficient. (*See, e.g.*, Schlachter Decl. ¶ 12-17).  *See, e.g.*, *Sandy Hollow Assocs. Llc & Port N. Constr. LLC v. Inc. Vill. of Port Wash. N. Constr. LLC*, 2010 U.S. Dist. LEXIS 142396, at *26 n.8 (E.D.N.Y. Sept. 6, 2010) (explaining that a court is not obligated to convert a motion to dismiss to one for summary judgment in every case in which matters outside the Complaint are referenced, and declining to do so given that discovery had not been undertaken and an answer had not been filed).  The Court therefore will not consider the extraneous materials that Jiaxing has submitted in addressing the motion for judgment on the pleadings.

### 1.    Fraud

Count IV of Jiaxing's Complaint asserts a claim for "[a]ctual [f]raud." (Compl. at 7).  Under New York law, to state a claim for fraud, "a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001).

In this case, Jiaxing alleges that "[t]o induce the Plaintiff's agreement to undertake the Purchase Orders and manufacture the goods in question, Mr. Eig, acting for himself and his company Allison Morgan, and as its principal, owner, and 100% member, and Linda Lucia, knowingly made false, deceitful, and fraudulent promise, representation,

---

[1] The Court's rules provide that a plaintiff may amend its complaint in response to a motion to dismiss within ten days of the filing of that motion and, if the plaintiff does not elect to do so, it will not be provided an additional opportunity to amend to cure any deficiencies in the complaint.

4

and pledge [*sic*] of contractual performance." (Compl.¶32).  Specifically, Jiaxing alleges

that Defendants falsely represented "that due to said Defendants' personal trustworthiness,

first rate business reputation in the default against their contractual obligation; most

important Mr. Eig, acting for himself and his company Allison Morgan, and as its

principal, owner, and 100% member, and Linda Lucia vouched for an guaranteed each

other's performance, good faith, and honesty in dealing." (Compl.¶33-34).  Jiaxing's fraud

claim fails for several reasons.

First, Jiaxing's fraud claim fails to satisfy the particularity requirements of Federal

Rule of Civil Procedure 9(b).  Fed. R. Civ. Proc. 9(b) ("In alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake.").  In

particular, Jiaxing is required to (1) specify the statements that the plaintiff contends are

fraudulent, (2) identify the speaker, (3) state where and when the statements were made,

and (4) explain why the statements were fraudulent.  *Novak v. Kasaks*, 216 F.3d 300, 306

(2d Cir. 2000).

Jiaxing has not alleged when or where the allegedly fraudulent statements were

made.  (Compl.¶8, 31-40); *see Ross v. Lloyds Banking Group, PLC*, 2012 U.S. Dist.

LEXIS 148984, at *17-18 (S.D.N.Y. Oct. 16, 2012).  Moreover, the Complaint contains

only vague allegations that the Defendants, as a group, made false representations as to

their trustworthiness and intent to perform, but identifies no specific statements made by

an identified speaker sufficient to satisfy the particularity requirement.  (Compl.¶8, 31-

40); *cf. Bay Harbour Mgmt. LLC v. Carothers*, 282 Fed. Appx. 71, 77-78 (2d Cir. 2008))

(holding that assertions, without particularized facts, that a defendants knew or should

have known about errors in financial statements did not adequately plead fraud).  Nor has

Jiaxing provided any context supporting its claim that any alleged statements about the Defendants' trustworthiness or "first rate business reputation" were false or misleading at the time they were made, except that Defendants allegedly breached the contracts at issue in this case.[2] *Rombach v. Chang*, 355 F.3d 164, 175 (2d Cir. N.Y. 2004) ("To meet the pleading requirement of Rule 9(b), plaintiffs cannot rest on their say-so that these statements are fraudulent; they must explain why.  Having neglected to do so, they fail to plead with the requisite particularity.").

Second, Jiaxing has not alleged any facts giving rise to an inference of fraudulent intent, let alone a strong inference of such intent.  *See Capital Mgmt. Select Fund v. Bennett*, 680 F.3d 214, 225 (2d Cir. 2012); *Acito v. IMCERA Group*, 47 F.3d 47, 52 (2d Cir. 1995) ("Plaintiffs must allege facts that give rise to a strong inference of fraudulent intent.").  Rather, Jiaxing has merely presented bare and conclusory allegations—without any factual support—that Defendants' representations that they would perform their obligations under the purchase orders "were false, deceitful, fraudulent, and made in bad faith" and "against the Defendants actual intent." (Compl. ¶ 34); *see Acito*, 47 F.3d at 52 (explaining that the portion of Rule 9(b) that permits alleging intent and knowledge generally does not license claims of fraud based on speculation or conclusory allegations); *see also Saltz v. First Frontier, L.P.*, 2012 U.S. App. LEXIS 11837, at *6 (2d Cir. June 12, 2012) (unpublished) ("Despite being over sixty pages long, the complaint fails to allege any facts which would lead a reasonable person to deem the inference of scienter to be at least as strong as any opposing inference"); *O'Gara v. JP Morgan Chase & Co. (In re JP Morgan*

---

[2] Indeed, based on the sparse allegations in the Complaint, these statements appear to be non-actionable puffery.  *See ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 205-06 (2d Cir. 2009); *In re UBS Ag Secs. Litig.*, 2012 U.S. Dist. LEXIS 141449, at *101, *110-12 (S.D.N.Y. Sept. 28, 2012); *Banco Indus. de Venez. v. CDW Direct, L.L.C.*, 2012 U.S. Dist. LEXIS 125277, at *9 (S.D.N.Y. Aug. 31, 2012).

6

*Auction Rate Sec. Mktg. Litig.)*, 2012 U.S. Dist. LEXIS 46608, at \*28-29 (S.D.N.Y. Mar. 31, 2012) (explaining that allegations of scienter must be substantiated by specific facts). The facts alleged in the Complaint suggest only a breach of contract and do not support an inference of scienter, notwithstanding Jiaxing's conclusory rhetoric and speculation to the contrary.

Third, Jiaxing's fraud claim fails as a substantive matter because it arises out of the same facts supporting its breach of contract claim.  Under New York law, a breach of contract claim and a fraud claim cannot both lie if the fraud claim is premised on the defendant's allegedly false statements indicating his intent to perform under the contract. *See Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13, 19 (2d Cir. 1996) (explaining that to maintain a claim for fraud under these circumstances, there must be either a separate legal duty to perform under the contract, a fraudulent representation that is collateral or extraneous to the contract, or special damages caused by the misrepresentation that are not recoverable by contract damages).  Here, Jiaxing's allegations of fraud are premised on Defendants' allegedly false statements regarding their intent to perform under the contract—their "personal trustworthiness, first rate business reputation in the default against the *contractual obligation*," and their statements "vouch[ing] for and guarantee[ing] each other's *performance*." (Compl.¶33-34 (emphasis added)).  Nor do the facts alleged in the Complaint suggest that any of the exceptions identified in *Bridgestone* are applicable here.

Jiaxing attempts to contest this rule by arguing that the law on this point is unsettled, and that it may bring a claim for fraud solely based on an allegedly false statement of intent to perform the contract.  (Jiaxing Sanctions Opp. at 19).  However, the

weight of authority is that no fraud claim can be stated under these circumstances.  *See,*
*e.g.*, *Miller v. Holtzbrinck Publrs., L.L.C.*, 377 Fed. Appx. 72, 74 (2d Cir. 2010)
(unpublished); *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir.
2001); *Bridgestone/Firestone*, 98 F.3d at 19-20 (holding that intentionally false
statements indicating an intent to perform are generally "not sufficient to support a claim
of fraud under New York law" and citing cases); *United Res. Recovery Corp. v. Ramko
Venture Mgmt.*, 584 F. Supp. 2d 645, 659-60 (S.D.N.Y. 2008).

The cases Jiaxing cites are not to the contrary.  *Sabo v. Delman*, 3 N.Y.2d 155,
162 (1957), held that a claim for rescission—not fraud—could be stated on such facts.  The
other cases Jiaxing relies on all involve misrepresentations that were collateral to the
contract at issue.  *See Graubard Mollen Dannett & Horowitz v. Moskovitz*, 86 N.Y.2d
112, 122 (1995); *Deerfield Communications Corp. v. Chesebrough-Ponds, Inc.*, 68
N.Y.2d 954, 956 (1986) (having dismissed a breach of contract claim relating to certain
geographic restrictions because the restrictions were not contained in the written contract,
the trial court properly denied motion to dismiss claim for fraud based on representation
intent to abide by such restrictions because that representation was "collateral to, but
inducement for," the written contract); *Channel Master Corp. v. Aluminium Ltd. Sales*,
Inc., 4 N.Y.2d 403, 407-08 (1958) (explaining that a specific representation had been
made about the stock of material at issue in the contract and noting also that no claim for
breach of contract was brought).

### 2.     Eig's Liability

Eig argues that he should be dismissed from this case because the allegations in
the Complaint do not make out a case for direct liability against him, and Jiaxing has

failed to allege facts sufficient to support piercing the corporate veil and holding him responsible for the conduct of Allison Morgan.  The Court considers these arguments *seriatim.*

> a.  Direct liability

Eig contends there is no basis for holding him directly liable on Jiaxing's claims for breach of contract, UCC § 709, and account stated.   Beginning with Jiaxing's claim for account stated, "under New York law, an 'account stated' refers to a promise by a debtor to pay his creditor a stated sum of money that the parties had agreed upon as the amount due." *Ningbo Home Expo Co. v. Life Sys. Imps.,Inc.*, 2010 U.S. Dist. LEXIS 36182, at *6-7 (E.D.N.Y. Feb. 16, 2010).  For such a claim, "the plaintiff must allege that (1) an account was presented, (2) the account was accepted as correct, and (3) the debtor promised to pay the amount stated." *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 198 (S.D.N.Y. 2009).

Here, Jiaxing alleges that it "sent written commercial [i]nvoices to its customers, including the Defendants, namely, Allison Morgan, Mr. Eig, and Linda Lucia." (Compl. ¶ 26).   However, Eig contends that the invoices that Jiaxing has attached to the Complaint are not directed toward Eig and, in fact, his name appears nowhere on the invoices.  (Eig and Allison Morgan Mtn. at 6-8).  *See Key Items, Inc. v. Ultima Diamonds, Inc.*, 2010 U.S. Dist. LEXIS 84830, at *33-37 (S.D.N.Y. Aug. 17, 2010) (citing cases and holding that, because the invoices attached to the complaint were directed toward another company, the defendant had failed to adequately allege an account stated); *Nanjing Textiles Imp/Exp Corp. v. NCC Sportswear Corp.*, 2006 U.S. Dist. LEXIS 56111, at *37-38 (S.D.N.Y. 2006); *Sound Communications, Inc. v Rack & Roll, Inc.*, 88 A.D.3d 523,

578 (N.Y. App. Div. 1st Dep't 2011) (no account stated cause of action was stated against a defendant where the invoices were directed toward another defendant); *Savitt Law Firm PLLC v. Minichiello*, 2010 N.Y. Misc. LEXIS 2378, at *4-5 (N.Y. Sup. Ct. 2010); *cf. Transp. Ins. Co. v. Star Indus.*, 2005 U.S. Dist. LEXIS 43121, at *27 (E.D.N.Y. July 28, 2005) (granting summary judgment because the evidence did not reflect invoices for the monies sought).  In fact, the invoices on their face are uniformly directed to Allison Morgan.

Similarly, Jiaxing's claims for common law breach of contract and trade price contract under UCC § 709(1)(a) both require the plaintiff demonstrate the existence of a contract with the defendant.  *See Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011); *Granvia Trading Ltd. v. Sutton Creations, Inc.*, 2010 U.S. Dist. LEXIS 121494, at *7-8 (S.D.N.Y. 2010) (explaining that the elements of a claim for trade price contract are (1) that the parties had a contract, (2) that the buyer failed to pay the purchase price, and (3) that the buyer accepted the goods).  As directed toward Eig, the allegations in the Complaint are not entirely clear, and can be read as pleading in the alternative that either Eig was a party to the contract or, alternately, that Eig's involvement in the contractual process was on behalf of Allison Morgan: "Eig, *as a merchant* and *in the name of his company*, corporate Defendant Allison Morgan, and Linda Lucia, jointly placed Purchase Orders" for certain garments.  (Compl. ¶ 8 (emphasis added); *see also* Compl. ¶ 32).

However, as already discussed, the invoices attached to the Complaint do not facially suggest Eig was a party to the contract.  Moreover, the purchase orders presented to the Court name "Linda Lucia Concepts" not Eig as the party that placed the orders for the

garments.  (Dkt. No. 48-7); *see OM Intercontinental v. Geminex Int'l, Inc.*, 2006 U.S.
Dist. LEXIS 67561, at *13-15 (S.D.N.Y. Sept. 18, 2006); *Full-Bright Indus. Co. v.
Lerner Stores*, 1991 U.S. Dist. LEXIS 6361, at *5-6 (S.D.N.Y. May 8, 1991)
(considering agency principles in assessing liability because the defendant at issue was
not a party to the purchase order); *cf. Union Carbide Corp. v. Siemens Westinghouse
Power Corp.*, 2001 U.S. Dist. LEXIS 874, at *8-9 (S.D.N.Y. Jan. 30, 2001).  If the
documentary exhibits attached to a complaint contradict the allegations of the complaint,
those allegations may be insufficient to defeat a motion to dismiss.  *See L-7 Designs*, 647
F.3d at 422 (explaining that, on a motion for judgment on the pleadings, courts assume all
the facts alleged in the complaint are true unless contradicted by more specific allegations
or documentary evidence); *see also, e.g., Key Items, Inc.*, 2010 U.S. Dist. LEXIS 84830,
at *33-37.  If the invoices and purchase orders that have been presented to the Court were
reliable on their face, they would tend to contradict Jiaxing's allegations that Eig was a
party to the contract or was presented with the invoices.

        However based in large part on Eig's own representations in responding to Lucia's
motion for summary judgment the Court cannot, at this time, take the invoices or purchase
orders as conclusive on their face.  Notwithstanding that the invoices are directed to
Allison Morgan, Eig contends that it was Lucia who placed the purchase orders and
entered any contracts with Jiaxing, that Allison Morgan's role was merely clerical, and
thus it is Lucia against whom Jiaxing's claims lie.  (Eig. Decl. ¶ 5-7).  Likewise, Eig argues
in opposition to Lucia's motion that there are genuine issues of material fact "as to whether
Allison Morgan was the sole or even proper addressee of the invoices, or whether the
invoices were sent to Lucia." (Eig Opp. to Lucia Mtn. at 4-5).  Lucia, in turn, attests that

she was merely an independent sales agent and that it was Eig who "negotiated all contracts on behalf of Allison Morgan" and provided the garments she sold, that she did not negotiate any contracts or issue any purchase orders, that she never received any invoices from Jiaxing, and that "Linda Lucia Concepts" is a division of Allison Morgan. (Lucia Decl. ¶¶ 4, 7-8, 13; Lucia Reply Decl. ¶ 4). Eig's declaration corroborates at least that it was Allison Morgan that actually entered the purchase orders into the computer, notwithstanding that they are directed to "Linda Lucia Concepts." (Eig Decl. ¶ 7). Given these representations—to which the Court cannot blind itself and reach consistent results on the motions before it—the Court cannot conclude at the pleading stage that the face of the purchase orders and invoices accurately reflects the nature of the parties' dealings, and thus cannot conclude that they contradict the allegations of the Complaint.

Eig's remaining contentions are easily disposed of. First, Eig claims that Jiaxing failed to allege the elements of a contract, *e.g.*, offer, acceptance, consideration, mutual assent, and intent to be bound. Even if Rule 8 required such detail, *see Wilk v. VIP Health Care Servs.*, 2012 U.S. Dist. LEXIS 21630, at *12-13 (E.D.N.Y. Feb. 21, 2012); *Kaplan v. Aspen Knolls Corp.*, 290 F. Supp. 2d 335, 338 (E.D.N.Y. 2003), Jiaxing's Complaint sufficiently alleges these elements. (Compl. ¶¶ 8-9, 19). Second, Eig claims that Jiaxing has not alleged that Eig accepted the garments (Eig and Allison Morgan Mtn. at 5)—but the Complaint alleges that the Defendants accepted the garments in question based on their actual acceptance and lack of timely rejection. (Compl. ¶¶ 10-11). Likewise, counter to Eig's contention that Jiaxing has not sufficiently stated a claim for account stated (Eig and Allison Morgan Mtn. at 8), Jiaxing has alleged that it sent invoices to "the Defendants, namely, Allison Morgan, Mr. Eig, and Linda Lucia" and that

Defendants did not object to the invoices.  (Compl¶26).  *See, e.g.*, *Press Access LLC v. 1 800 Postcards, Inc.*, 2012 U.S. Dist. LEXIS 148064, at *6 (S.D.N.Y. Oct. 9, 2012) ("New York State courts have recognized account stated claims based solely on a debtor's acknowledgment of a debt, such as through the receipt, without objection, of an invoice.").

### b.  Piercing the corporate veil

Jiaxing devotes the bulk of its argument to the contention that it has sufficiently alleged that the corporate veil should be pierced and Eig should be held liable for the conduct of Allison Morgan.  Courts in New York are reluctant to disregard the corporate form, and will do so only if the plaintiff can demonstrate "that the corporate form has been used to achieve fraud or when the corporation has been so dominated by an individual and its separate identity so disregarded that it has primarily transacted the dominator's business rather than its own and can be called the other's alter ego." *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 600 (2d Cir. 1989) (quotation marks and alterations omitted).

Courts making this determination consider factors such as "(1) the intermingling of corporate and personal funds, (2) undercapitalization of the corporation, and (3) failure to maintain separate books and records or other formal legal requirements for the corporation." *Id.* at 600-01 (citations omitted) (noting also that while there is no set rule on how many of these factors must be satisfied to pierce the veil, the general principle is to do so when it would achieve an equitable result).  Other factors such as "failure to pay dividends, insolvency at the time of a transaction, siphoning of corporate funds by the dominant shareholder and nonfunctioning of other officers and directors, either

individually or in combination," have also been considered in making this inquiry.  *Id.* at

601; *see also Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 195 (2d Cir. 2010).

The sole allegation in the Complaint that relates to Eig's domination of Allison

Morgan is Jiaxing's repeated assertion that Eig "is the principal, owner, and 100% member

of his sole proprietary and *alter ego* of his company, the corporate Defendant Allison

Morgan." (Compl. ¶ 2; *see also* Compl. ¶ 32-33).[3]  However, the mere fact that Eig acted as

the controlling shareholder of Allison Morgan is insufficient to pierce the corporate veil.

*See, e.g.*, *Network Enters. v. Reality Racing, Inc.*, 2010 U.S. Dist. LEXIS 89598, at *15-

16 (S.D.N.Y. Aug. 24, 2010).  Nor do Jiaxing's conclusory assertions that Allison Morgan

is Eig's "alter ego" add to this inquiry.  *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65,

70 (2d Cir. 1996); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385,

426-27 (S.D.N.Y. 2003) (holding that conclusory allegations of domination and control

cannot suffice to state a claim based on veil piercing or alter ego liability).  Nor, contrary

to Jiaxing's argument (Jiaxing Opp. to Eig and Allison Morgan's Mtn. at 4-5), do the

Complaint's allegations that Eig represented that he is a trustworthy and reputable

merchant support piercing the veil.  *See William Wrigley Jr. Co.*, 890 F.2d at 601 n.2.

The allegations in the Complaint, taken as true, do not support finding that any of the

---

[3] Jiaxing's opposition papers also claim that "payment on the trade Invoices and Purchase Orders to the Plaintiff comes partially from [Eig's] personal [*sic*], not ALLISON MORGAN LLC'S corporate account." (Jiaxing Opp. to Eig and Allison Morgan Mtn. at 4).  This allegation is found nowhere in the Complaint and is based on the Hsu Affidavit which, as explained above, is not properly considered in resolving this motion.  Moreover, even if it were considered, it would not change the Court's conclusion.  *See Ningbo Prods. Imp. & Exp. Co. v. Eliau*, 2011 U.S. Dist. LEXIS 125789, at *14, 17 (S.D.N.Y. Oct. 31, 2011) (finding that the plaintiff did not sufficiently plead facts supporting piercing the veil even where plaintiff actually pleaded that certain payments came from a personal account); *Netjets Aviation, Inc. v. LHC Communs. LLC*, 2006 U.S. Dist. LEXIS 38972, at *18 (S.D.N.Y. June 12, 2006); *Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 2d 203, 208 (S.D.N.Y. 2002).  Indeed, evidence that Eig in fact used personal funds to pay Jiaxing arguably supports a finding that he was not attempting to hide behind the corporate form to avoid paying debts that were duly owed.

factors considered in piercing the veil are met in this case—indeed, despite recognizing

these factors, Jiaxing does not attempt to argue that any of them are met (Jiaxing Opp. to

Eig and Allison Morgan Mtn. at 4-6).

 Nor has Jiaxing alleged facts from which the Court could conclude that Eig

abused the corporate form to perpetuate a fraud.  First, as discussed above, Jiaxing's fraud

claim is deficient, both as a substantive matter and because it was not adequately pleaded.

Second, even were the Court to deny Defendants' motions on Jiaxing's fraud claim, the

facts alleged still do not support the conclusion that the corporate form was in any way

used to achieve the fraud—there are no allegations that, for example, that Allison Morgan is

undercapitalized and Eig used the corporate form to avoid payment of money owed to

Jiaxing.  *See Wm. Passalacqua Builders v. Resnick Developers S.*, 933 F.2d 131, 138-39

(2d Cir. 1991) (explaining that "the control must be used to commit a fraud or other wrong

that causes plaintiff's loss"); *Manos v. Geissler*, 377 F. Supp. 2d 422, 425-26 (S.D.N.Y.

2005).

 In what appears to be a fundamental misunderstanding of the law, Jiaxing also

argues that Eig is "equitably estopped from asserting anti-piercing of the corporate shell"

because "the corporate form was employed as an instrument, device or scheme to commit

fraud against the Plaintiff."  (Jiaxing Opp. to Eig and Allison Morgan Mtn. at 5-6).  The

cases that Jiaxing cites however, all relate to the doctrine of equitable estoppel as

precluding a defendant from asserting a statute of limitations defense if the defendant

took steps to cause plaintiff to fail to timely file their claims, *see Kavowras v. N.Y. Times

Co.*, 328 F.3d 50, 56-57 (2d Cir. 2003); *Buttry v. General Signal Corp.*, 68 F.3d 1488,

1493-95 (2d Cir. 1995); *Dillman v. Combustion Engineering, Inc.*, 784 F.2d 57, 60-61

(2d Cir. 1986), and Jiaxing has cited no authority that supports applying equitable estoppel to excuse a plaintiff's failure to adequately plead the substance of its claims. Indeed, such a rule would be nonsensical, as it would rely on Jiaxing's conclusory allegations that the veil should be pierced to preclude Eig from pointing out the deficiencies in those very allegations. Such a rule would obliterate the corporate form because, in any case in which the plaintiff alleged the veil *should* be pierced, the defendant would be "equitably estopped" from arguing to the contrary.

### 3.    Lucia's Cross-Claim

Lucia has cross-claimed against Eig, pleading claims for common law indemnification and contribution, alleging that any liability against her for breach of contract was caused, in whole or in part, by Eig and Allison Morgan. (Lucia Answer at ¶ 47-50). Eig also moves for judgment on the pleadings on these claims as well, to the extent they assert liability against him. Lucia has not responded to Eig's motion; however, the Court must still determine if Eig and Allison Morgan are entitled to judgment as a matter of law. *See McDowell v. Comm'r of Soc. Sec.*, No. 08-cv-1783, 2010 U.S. Dist. LEXIS 128114, at *3 (E.D.N.Y. Dec. 1, 2010) (explaining that in reviewing an unopposed motion for judgment on the pleadings, a court must still determine if judgment on the pleadings is appropriate as a matter of law).

As to Lucia's first cross-claim for indemnification, Eig argues that this claim fails because it is "predicated on Plaintiff's allegations of a contractual relationsip between Eig, Plaintiff and Lucia" and, because Jiaxing has not adequately alleged a contract with Eig, Lucia's cross-claim must be dismissed. (Eig and Allison Morgan Opp. at 12-13).

16

Because the Court does not grant Eig's motion as to Jiaxing's contract claims, this portion of Eig's motion must also be denied.

On Lucia's second cross-claim for contribution, Eig argues that (1) Lucia has not pled the breach of any duty by Eig and (2) the right to contribution does not exist in contract cases, as such a claim requires two common tortfeasors.  (Eig and Allison Morgan Opp. at 13).  Because Jiaxing's fraud claim is dismissed, Jiaxing "has not alleged a viable tort claim against [Lucia], there can be no cross-claim for contribution on the part of [Eig and Allison Morgan] because such a claim requires two common tortfeasors." *Vigilant Ins. Co. v. ADT Sec. Servs.*, 2011 U.S. Dist. LEXIS 25355, at *13-14 (S.D.N.Y. Mar. 8, 2011); *see also Plains Mktg., L.P. v. Doniphan Energy*, LLC, 2012 U.S. Dist. LEXIS 45699, at *13 (E.D.N.Y. Feb. 28, 2012) (explaining that account stated claims are quasi-contractual in nature); *SSDW Co. v. Feldman-Misthopoulos Associates*, 542 N.Y.S.2d 565, 295 (N.Y. App. Div. 1st Dep't 1989).  As such, Lucia's second cross-claim is dismissed.

### B. Summary Judgment

Lucia moves for summary judgment on Jiaxing's claims against her.  In addition, she requests summary judgment on Eig and Allison Morgan's cross-claim against her for indemnification.  Lucia's arguments, in brief, are that she was not involved in the formation of the contracts at issue, that she was never sent an invoice, and had no role in the negotiations of the contracts, and she is therefore an improper party to the case. Because Defendants requested the opportunity to file dispositive motions early in this case, Lucia's summary judgment motion was filed before the completion of the discovery period. (Dkt. No. 14).

Summary judgment is proper only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.  *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 588 (2d Cir. 2012).  In reviewing the evidence on a motion for summary judgment, courts are to construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Id.*  A fact is material if it might affect the outcome of the suit under the governing law and an issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Id.*

Lucia's motion for summary judgment must be denied on all fronts. Although Lucia has submitted a declaration attesting that she was merely an "independent sales agent," that she did not negotiate any contracts or place purchase orders, did not receive garments from Jiaxing, and did not receive revenue from the sale of garments (Lucia Decl. ¶ 2-6), the other parties dispute these assertions.  The Hsu affidavit, which is properly considered in response to Lucia's summary judgment motion, attests that Eig represented he would pay the "balance of the trade price on behalf of Ms. Linda Lucia" suggesting that it was Lucia, that the invoices at issue were "served upon both Mr. Eig . . . and Ms. Linda Lucia" and listed Allison Morgan at Eig and Lucia's request for their "convenience," and that Lucia would pay the trade balance if Eig or Allison Morgan defaulted.  (Hsu Aff. at ¶ 5-6, 8).  Eig attests that Lucia was responsible for the purchase of the garments at issue, drafted the purchase orders, and that Allison Morgan's involvement was clerical (Eig Decl. ¶ 6-10), and argues that the invoices were, therefore, more properly addressed to Lucia.  There is likewise a dispute as to whether "Linda Lucia Concepts" is affiliated with Allison Morgan or Lucia.  (Lucia Decl. ¶ 4; Eig Decl. ¶ 4).  Moreover,

Lucia's declaration in support of her motion illustrates that factual disputes exist in this case and need to proceed with discovery, as it repeatedly contests Eig and Hsu's factual assertions (Lucia Reply Decl.¶¶2, 6, 8-10) and states that the relevant documents that would support summary judgment in her favor are in Allison Morgan's possession (Lucia Reply Decl.¶5). Plainly, there remain disputed issues of material fact and Lucia's motion for summary judgment cannot be granted.

### C. Sanctions

Lucia and Eig have both moved for sanctions against Jiaxing, arguing that the claims against them are frivolous and Jiaxing's counsel did not conduct an adequate investigation before filing this action. (Dkt. Nos. 2, 34). Because the Court has denied Defendants dispositive motions on these claims, the Court likewise denies their motions for sanctions claiming that Jiaxing's claims are frivolous.[4] *See, e.g.*, *Caruso v. Grace*, 2011 U.S. Dist. LEXIS 109962, at *34 (S.D.N.Y. Sept. 27, 2011) (denying sanctions where the complaint stated claims as a matter of law).

### CONCLUSION

Jiaxing's fraud claim is dismissed for the reasons stated above, as is Lucia's cross-claim for contribution. Defendants' motions (Dkt. Nos. 21, 26, 30, 33) are denied in all other respects. Discovery in this matter was set to close on July 13, 2012, although the Court stayed the depositions of Lucia and Eig until resolution of the motions discussed herein. The parties are directed to submit a joint status letter to the Court no later than

---

[4] The only claim that the Court has dismissed is Jiaxing's claim for fraud. The Court concludes that this claim was not so frivolous or indicative of bad faith that sanctions are warranted. *See Laborers Int'l Union of N. Am., Local 210 v. McKinney Drilling Co.*, 393 Fed. Appx. 736, 736 (2d Cir. N.Y. 2010) (unpublished).

later than January 11, 2013, stating what brief period is necessary to complete discovery

in this matter and outlining what discovery remains to be conducted.

SO ORDERED:

Dated: January ⸺, 2013
      New York, New York

ALISON J. NATHAN
United States District Judge